**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-20982-Civ-WILLIAMS/TORRES

ABDELLAH BOUCHOUK,

     Plaintiff,

v.

ECONOMY FOOD STORE, INC., *et al*,

     Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND**
**ATTORNEYS' FEES & COSTS**

     This matter is before the Court on Abdellah Bouchouk's ("Plaintiff") motion for final default judgment and attorneys' fees and costs against Economy Food Store, Inc. ("Economy"), Ghada Almasarweh, and Rasheed Almasarshew (collectively, Defendants"). [D.E. 18]. No response was filed in opposition and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiff's motion for final default judgment and attorneys' fees and costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1]     On August 3, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 19].

1

## *I. BACKGROUND*

Plaintiff was employed by Defendants as a cashier at Economy in Miami-Dade County, Florida from April 12, 2018 until June 6, 2019. During his employment, Plaintiff worked an average of ninety-eight hours per week for 60 compensable weeks. Defendants, however, allegedly failed to ever compensate Plaintiff the required federal overtime wage rate. On March 4, 2020, Plaintiff therefore filed a complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. [D.E. 1]. Because Defendants had notice that their compensation practices failed to provide Plaintiff with statutorily required payments, Plaintiff seeks unpaid overtime wages, liquidated damages, attorneys' fees, court costs, and post-judgment interest.

On June 26, 2020, after Defendants failed to appear or otherwise answer the complaint, the Court directed (1) the clerk of the court to enter default against Defendants and (2) Plaintiff to file a motion for entry of final default judgment against Defendants on or before July 31, 2020. [D.E. 14]. The clerk entered such default the same day. [D.E. 16]. On July 7, 2020, the Court dismissed without prejudice all claims against defendant Ibrahim Almasarweh because he was never served with the complaint. [D.E. 17]. On July 31, 2020, Plaintiff filed this motion for final default judgment and attorneys' fees and costs against Defendants. [D.E. 18].

2

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment.   First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default.   *See* Fed. R. Civ. P. 55(a).   Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person.   Fed. R. Civ. P. 55(b)(2).   "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established."   *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b).   *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)).   "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain

3

the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III. ANALYSIS

Plaintiff seeks final default judgment against Defendants in the total amount of $34,800.00 plus post-judgment interest for its violations of the overtime wage provisions of the FLSA. In addition, Plaintiff seeks an award of attorneys' fees in the amount of $3,548.75 and $700.00 in taxable costs.

### A. *FLSA Claims*

The FLSA requires employers to pay covered employees overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). To establish an FLSA claim for unpaid

overtime wages, Plaintiff must show (1) that Defendants employed him, (2) that Plaintiff is "covered" under the FLSA, (3) that Plaintiff worked in excess of 40 hours per week, and (4) that Defendants failed to pay overtime wages.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).[2]

Here, Plaintiff's complaint meets each of the required elements because it includes well-pled allegations that Defendants were his employer [D.E. 1 at ¶ 7], that Defendants regularly operated a business engaged in commerce or in the production of goods, *id.* at ¶ 6, that Defendants had an annual gross volume of $500,000 in sales, *id.*, that Defendants used instrumentalities of interstate commerce (phones and transportation of goods across state lines) to assist in the operation of its food store business, *id.*, that Plaintiff worked hours in excess of 40 per week, *id.* at ¶ 8, and that Defendants failed to pay overtime wages as required, *id.* at ¶ 11.   Given that Defendants, as defaulted defendants, are deemed to admit the well-pled allegations in Plaintiff's complaint, and the admitted facts are sufficient to establish liability without any response in opposition, the only question left is Plaintiff's request for

---

[2]      An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce."   29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id.* § 203(b).   An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000."  *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010); *see also* 29 U.S.C. § 203(s)(1)(A).

damages.  *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

Plaintiff states that he worked for Defendants as a cashier from April 12, 2018 to June 6, 2019.  He provides in his statement of claim detailed mathematical calculations of his hours and wages over the same time period and concludes that Defendants owe him a total of $17,400.00 in overtime wages for one and one-half times his regular rate for all the hours worked in excess of forty hours per workweek. *Id.*

Next, Plaintiff argues that he is entitled to liquidated damages because he alleged that Defendants committed a willful violation of the FLSA.  [D.E. 1, ¶¶, 16 22].  A willful FLSA violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Under sub-section 216(b), an employer who violates the minimum wage or overtime provisions entitles an employee to an additional amount in liquidated damages:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Thus, by defaulting, Defendants have admitted to the allegations in Plaintiff's complaint for failing to compensate for overtime wages and therefore

Defendants must pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation[.]" *Id.*; *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).   Accordingly, Plaintiff should be awarded a total of $34,800.00 in damages for Defendants FLSA violations.

We also find that Defendants are jointly and severally liable for the damages because the individual defendants had operational control of and were involved in the day-to-day functions of Economy.   *See Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160 (11th Cir. 2008) ("As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'").

### B. *Taxable Costs*

The next issue is Plaintiff's request for taxable costs.   Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.   Additionally, the FLSA provides that a court shall allow an award of costs to a plaintiff that prevails in a FLSA action.  See 29 U.S.C. § 216(b).   A strong presumption exists in favor of awarding costs.   *Id.*   A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are

7

bound by the limitations set out in § 1920).   "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so."   *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).   A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties.   *Id.*[3]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable.   *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Here, Plaintiff seeks $700.00 in total costs.   Specifically, $400.00 for the court

---

[3]   The following costs are permitted under 28 U.S.C. § 1920:
  (1)   Fees of the clerk and marshal;
  (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3)   Fees and disbursements for printing and witnesses;
  (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5)   Docket fees under section 1923 of this title;
  (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

filing fee and $300.00 for serving Defendants.   Courts have repeatedly held that these costs are recoverable under 28 U.S.C. § 1920.   *See EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees are clearly taxable.") (citing 28 U.S.C. § 1920(1)). The only caveat is that fees for service of a summons and subpoenas may only be taxed to the extent that they do not exceed the statutory fees authorized in section 1921.

However, Plaintiff's request of $300.00 for service of process costs does not match the billing statement provided by Plaintiff's counsel nor does it comply with statutory requirements.   [D.E. 18, Ex. 2].   First, the billing statement shows that the total cost for serving Defendants was $200.00, $35.00 each for Ghada Almasarweh and Economy and $130.00 for Rasheed Almasarshew.   *Id.*   Plaintiff's counsel appears to include a $100.00 expense for copying and postage into its service of process total.   We do not approve of this $100.00 expense because we cannot determine if this expense is related to serving Defendants, and Plaintiff has not requested reimbursement for its costs related to copying or postage.   Second, the $130.00 cost for serving Rasheed Almasarshew is well above the $65.00 per hour statutory cap.   *See* 28 C.F.R. § 0.114 ("For process served or executed personally— $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket

9

expenses."); *see also Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 7325544, at *3 (M.D. Fla. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016) ("[T]he undersigned finds Plaintiff is entitled to recover $60.00 in costs for serving Defendant with the summons."). Based on the limited information in the billing statement, the Court does not know if it took more than one hour to serve Rasheed Almasarshew.   Therefore, Plaintiff's request for $700.00 in costs should be reduced to $535.00.

### C. *Attorneys' Fees*

The final issue is Plaintiff's request for attorneys' fees.   The FLSA provides that a court shall allow an award of reasonable attorneys' fees paid by a plaintiff that prevails in a FLSA action.   *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).   In determining an appropriate fee award, we employ the lodestar method.   *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.   We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").   This method allows for a reasonable estimate of the value of an attorneys' service because the movant submits evidence "supporting the hours worked and rates claimed."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly."   *Id*.

The lodestar method requires a court to first determine an attorneys'

10

reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended.   *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).   When awarding fees using the lodestar method, a court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation."   *Norman v. Hous. Auth. of Cty. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).   Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award.   *See Cullens v. Ga. Dept. of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit.   *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters.   *See Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive

hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award.   This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### 1. *The Reasonable Hourly Rate*

The first step is to consider the reasonable hourly rate.   This rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."   *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299).   The relevant market is "the place where the case is filed."   *ACLU,* 168 F.3d at 427 (internal quotation marks and citation omitted).

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).[4]   A movant is required to submit to a court satisfactory evidence to establish

---

4      The 12 *Johnson* factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;

12

that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with the fee applicant to produce "satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, a court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Plaintiff seeks an hourly rate at $400 for his attorneys Ruben Saenz and Ilona Anderson, who respectively have 17 and 14 years of experience. Plaintiff also seeks an hourly rate of $400 for all other attorneys that worked on his case and an hourly rate of $75-$150 for each paralegal. However, Plaintiff's counsel fails to tell the Court the names of the attorneys that worked on the case that are not Mr. Saenz or Ms. Anderson and tells us to look up their experience online. [D.E. 18, Ex. 2] ("My firm's attorneys, who helped me litigate this case under my supervision, and whose relevant experience is highlighted in my firm's website

---

(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

(https://www.saenzanderson.com/attorneys/) also bill at the rate of $400.00 per hour."). Further, the billing statement does not provide the full names of the attorneys, just initials, and these attorneys bill at the different hourly rates of $400, $250, and $150. For instance, an attorney with the initials "AS" billed at both $250 and $150 an hour. Plaintiff's counsel thus wants the Court to guess what attorneys at their firm, Seanz & Anderson, worked on the case and if his or her hourly rate of $400 is reasonable even though the billing statement shows one of them billed at $250 and $150 an hour. We decline to reward this lackluster effort or set a standard that puts the burden on the Court to do the work of counsel.

Therefore, we find that an hourly rate of $175 per hour is appropriate for an attorney at Saenz & Anderson where his or her experience was not explicitly provided to the Court. *See Wales-Walden v. Ak "N" Eli, LLC*, 2018 WL 6812692, at *2 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC*, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (reducing the request of $300 an hour to $175 an hour for an attorney at Saenz & Anderson that lacked the experience of Mr. Seanz and Ms. Anderson); *Zepeda v. Sfilatino LLC*, 2018 WL 2306483, at *2 (S.D. Fla. May 4, 2018), *report and recommendation adopted*, 2018 WL 2305558 (S.D. Fla. May 21, 2018) (reducing the request of $300 an hour to $200 an hour for an attorney at Saenz & Anderson that had four years of experience).

For the paralegal hourly rate of $75-$150 an hour, we find that the billing statement only provides an hourly rate of $75 for the paralegal with the initials "UL."

14

The Court assumes Plaintiff's counsel incorrectly stated it bills up to $150 for paralegal work because the attorney with the initials "AS" billed at the rate of $150 in one-time entry.   Therefore, the rate for the paralegal on this case should be only $75 per hour.

We further find, in our discretion, that a slight adjustment is necessary to the rates of Mr. Saenz and Ms. Anderson.   This was a straightforward case that was resolved quickly without the need for discovery, trial, or any litigation beyond the filing of preliminary pleadings.   Therefore, after carefully considering the complexity of this case, the quality of the representation, counsels' years of experience and all other pertinent factors, an award of $350 is more appropriate for a reasonable hourly rate.   This rate is also reasonable and consistent with rates awarded in this District for these attorneys.  *See Wales-Walden*, 2018 WL 6812692, at *2 (finding that the request of $300 an hour for Mr. Seanz and Ms. Anderson was reasonable); *Zepeda*, 2018 WL 2306483, at *2 (finding that the request of $400 an hour for Mr. Seanz and Ms. Anderson was reasonable).   Accordingly, the rates for Mr. Saenz and Ms. Anderson should be reduced from $400 to $350 per hour.

## 2. *The Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires a court to determine the reasonable number of hours expended.   The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *ACLU*, 168 F.3d at 428

(quoting *Norman*, 836 F.2d at 1301) (emphasis in original).   A fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide a court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.   *Id.*   If a fee applicant fails to exercise required billing judgment, a court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."   *Id.*   As in the analysis of reasonable hourly rates, a court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorneys' fees.   *Norman*, 836 F.2d at 1303.   Accordingly, it is "perfectly proper to award attorneys' fees based solely on affidavits in the record." *Id*. (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Plaintiff's counsel provided an affidavit of work performed setting forth the nature of services provided and number of hours requested.   Defendants' default alone justifies an award that includes compensation for all the hours requested.   And in reviewing the record independently under the Court's duty to award only those hours that are reasonable, the Court finds that the total hours, 11.05, included in the billing affidavit are reasonable and customary in a case such as this for the pre-complaint preparation of the case, the filing of the complaint, and subsequent motion practice on Defendants.

Multiplying the reasonable hourly rates by the reasonable hours expended on the litigation, we are left with $2,906.25 in attorneys' fees (($350 x 5.7 hours) + ($175

x 5.1 hours) + ($75 x 0.25 hours)).    In sum, Plaintiff's motion for default judgment
and attorneys' fees and costs should be **GRANTED in part** and **DENIED in part**
with a total award of $34,800 in damages plus post-judgment interest, $2,906.25 in
attorneys' fees, and $535.00 in costs.

## *IV. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for final default judgment and
attorneys' fees and costs against Defendants [D.E. 18] should be **GRANTED in part**
and **DENIED in part** with a total award of $34,800 in damages plus post-judgment
interest pursuant to 28 U.S.C. § 1961, from the date of entry of final judgment,
$2,906.25 in attorneys' fees, and $535.00 in costs to which Defendants are jointly and
severally liable.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have
fourteen (14) days from service of this Report and Recommendation within which to
file written objections, if any, with the District Judge.    Failure to timely file
objections shall bar the parties from *de novo* determination by the District Judge of
any factual or legal issue covered in the Report *and* shall bar the parties from
challenging on appeal the District Judge's Order based on any unobjected-to factual
or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-
1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v.
Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 3rd day of

November, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge